This case is reported in Thompson’s Cases, pag-es 57-60, as an oral opinion, and it is there stated that the court decided as follows:
1. BASTARDY. WARRANT. Amended to show birth of child in county.
It is not indispensable that the place of birth shall be stated in the warrant. It is sufficient if it appear in the order of the court. [Edmonds v. State, 5 Hum., 94, and note at end.] The affidavit and warrant may be amended in the county court so as to show birth in the county.
2. SAME. Jurisdiction in county court.
The “quorum” court of the county court has jurisdiction to try bastardy cases. [The quorum court has been superseded by the monthly court of the county court held by a county judg-e or chairman of the county court. Code, sec. 5992, and note.]
3. SAME. Trial without jury in circuit court.
Upon appeal of a bastardy case to circuit court it is not error for the judg-e to refuse a jury to try the question of paternity. [This holding- was changed by the Act of 1851-52, ch. 187, sec. 2; Code, sec. 7350, and notes:]
4. SAME. Widow, a single woman.
A widow is a single woman within the meaning of the Act of 1822, ch. 29. [See Code, sec. 7332. The marriag-e of a woman before the child is born, or pending- the proceedings, if she was single when the child was begotten, and when she was sworn, does not affect- her rights. State v. Ingram, 4 Hay., 221; O’Neal v. State, 2 Sneed, 215.]
5. SAME. Remanded to county court to take bond.
Where, on appeal from the county court, the circuit court gives judgment against the defendant in- a bastardy cause, it should remand the cause to the county court to- take the bond. The supreme court will remand to- county coart to take the bond. [Code, sec. 7351; O’Neal v. State, 2 Sneed, 220, 221.]